UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERI BARNETT,                    :        Case No. 1:05-cv-679
                                  :
            Plaintiff,            :        Watson, J.
                                  :        Black, M.J.
vs.                               :
                                  :
BARRY BARNETT, *et al.*,          :
                                  :
            Defendants.           :


**REPORT AND RECOMMENDATION[1]: (1) THAT THIS CASE SHOULD BE REMANDED IN PART; (2) THAT THE APPLICATION OF PAMELA BARNETT TO INTERVENE AS A PARTY DEFENDANT (Doc. 8) SHOULD BE GRANTED; AND (3) THIS CASE SHOULD BE STAYED IN PART AND ADMINISTRATIVELY CLOSED PENDING THE OUTCOME OF THE STATE COURT PROCEEDINGS**

Plaintiff Cheri Barnett ("plaintiff") and defendant Barry Barnett, now deceased, were parties in a domestic relations proceeding in the Clermont County, Ohio Court of Common Pleas, Division of Domestic Relations, *Barnett v. Barnett*, Case No. 2003 DRD 00611. On September 12, 2005, plaintiff filed in the state court a motion to vacate (or in the alternative, for relief from judgment of) a September 15, 2004 Domestic Relations Order concerning her former husband Barry Barnett's retirement benefits under a pension plan. (*See* Doc. 1 & atts.)

Contemporaneous with her motion to vacate, plaintiff also filed a motion in the

_____

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

state court case to join defendant General Electric ("GE") as a new party defendant on the grounds that GE has possession and control of her former husband's GE benefits. (*See id.*) She stated, specifically, that "[t]he addition of GE to this action is imperative to enable the Court to have jurisdiction over GE and to issue enforceable orders concerning the distribution of Husband's GE pension benefits." (Doc. 1, attached "Motion to Join New Party" at 3.) The motion to join was granted by the Ohio court.

On October 19, 2005, GE filed a Notice of Removal alleging, *inter alia*, that the exclusive remedy for plaintiff's underlying claim, which is to receive a portion of her former husband's retirement benefits, is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, and, therefore, the state case is properly removable under the doctrine of complete preemption. (Doc. 1.)

Proceeding on the ground that a district court may *sua sponte* remand an action that was improperly removed where it finds that the court lacks subject matter jurisdiction, *see Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) (citing 28 U.S.C. § 1447(c)), the undersigned magistrate judge issued an Order to the parties to show cause why this case should not be remanded for lack of jurisdiction. (Doc. 5.) Here, it appeared that the present action should be remanded as improperly removed because the federal courts lack authority to modify a state court's domestic relations order. *See Scales v. General Motors Corp. Pension Adm'r*, 275 F. Supp. 2d 871, 874 (E.D. Mich. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999), *cert. denied*, 529 U.S. 1008 (2000)).

-2-

In response to the Order To Show Cause, plaintiff filed a memorandum in support of an order to remand, and GE filed a memorandum in opposition.  (Docs. 6, 7.) Additionally, Pamela Barnett, the second wife and widow of plaintiff's former husband, Barry Barnett, filed an application to intervene and indicated that she, too, opposes a remand.  (*See* Docs. 8, 13.)  Plaintiff in turn opposes Pamela Barnett's application to intervene; GE does not.  (*See* Docs. 9, 10.)

The issues are fully briefed and ripe for review.

## DISCUSSION

Plaintiff and Barry Barnett were married for nearly thirty years.  (*See* Doc. 9 at 1.) They allegedly agreed, upon dissolution of their marriage, to share equally in the portion of GE pension benefits that had accumulated during the marriage.  (*See id.*)  A Qualified Domestic Relations Order ("QDRO") was issued that limited plaintiff's pension benefits to those available under a single life annuity, rather than a survivor annuity.  (*See* Doc. 13-2; Doc. 13-3 at 2.)   Because Barry Barnett died before he retired from GE, he was not eligible for pension benefits, and plaintiff is not eligible for any benefits under the single life annuity option.  (*See* Doc. 13-2 at ¶¶ 15-16.)

The parties dispute whether the election of a single life annuity (instead of a survivor annuity) was the result of a clerical or drafting error, or perhaps even legal malpractice on the part of the attorney who prepared the QDRO for plaintiff.  (*See* Docs. 9, 13.)  Plaintiff maintains that the QDRO was entered upon "a mistake" whereunder her former attorney, without her knowledge or input, elected a single life annuity for her rather

than a survivor annuity.

Plaintiff now seeks an order modifying the QDRO to show the election of a survivor annuity.

### A.  Order To Show Cause Why This Action Should Not Be Remanded

If this were a case in which plaintiff was seeking to enforce a QDRO, removal would have been proper because federal law, *i.e.,* ERISA, dictates that a valid QDRO controls the distribution of assets, *see* 29 U.S.C. § 1147(b)(7), and provides the standards by which a federal court determines whether a particular domestic relations order is qualified.  *See* 29 U.S.C. § 1056; s*ee also Rouse v. DaimlerChrysler Corp. UAW Non-Contributory Plan*, 300 F.3d 711 (6th Cir. 2002) (*Rouse II*) (holding that a QDRO's validity under ERISA could be decided in federal court).

Plaintiff, though, is not seeking to enforce the QDRO.  Instead, her pending motion is one for relief from the state divorce court's judgment pursuant to Civil Rule 60(b)(1) to correct her former attorney's alleged "mistake."

The law is clear, however, that the federal district courts lack authority to modify a state court's domestic relations order.  *See Scales*, 275 F. Supp. 2d at 874 (and cases cited therein).

Nonetheless, additional authority provides that the joining of the pension plan administrator as a defendant transforms the state action into an ERISA action, at least in part, over which the district court has original jurisdiction.  *See Samaroo v. Samaroo*, 743 F. Supp. 309, 309 (D.N.J. 1990).  Plaintiff in the present action, like the plaintiff in

-4-

*Samaroo* (and unlike the plaintiff in *Scales*), joined the pension plan administrator as a defendant.

In *Samaroo*, as in the present case, a former wife brought a motion in state court to amend the final judgment of divorce in such a way as to grant her survivor benefits under her deceased former husband's pension plan and joined the pension plan administrator as a defendant. *See id.* at 309. The plan administrator, like GE here, removed the action to federal court. The court in *Samaroo* determined, based on language substantially similar to the motion to join GE in the present case, *i.e.*, that the plan administrator should be joined in order to be directed to pay benefits, that the former wife was asserting an ERISA-based claim over which the district court had jurisdiction. *Id.* at 314. The court also determined, however, that it lacked jurisdiction over the motion to amend the divorce decree. *Id.* at 316-17. The court concluded that the portion of the case concerning the challenge to the state court order must be remanded to the state court and that the ERISA-based claims must be stayed pending the state court's decision on the motion to amend. *Id.* at 317.

A similar result was reached by the district court in *Rouse v. Chrysler Corp.*, No. 2:96cv70134, 1997 WL 905508 (E.D. Mich. Sept. 30, 1997) (*Rouse I*). In that case, a former wife successfully petitioned a Michigan state court to modify a domestic relations order to give her survivorship benefits in her deceased former husband's pension plan. *See Rouse II*, 300 F.3d at 71; *Rouse I*, 1997 WL 905508, at *1. The plan then removed the action to federal court asserting federal question jurisdiction over an ERISA-based claim

and challenging the validity of the modification. 300 F.3d at 713. Because the plan's challenge required a determination as to whether the modification was the result of a sham proceeding, the federal district court remanded the matter to state court.

Although state and federal courts have concurrent jurisdiction to determine whether a QDRO is valid under ERISA, the question of whether a QDRO was properly issued under state law is a matter for the state court to decide. *See Rouse I*, 1997 WL 905508, at *5. Rather than ordering a stay of the ERISA-based proceeding, the district court in *Rouse I* dismissed pending motions for summary judgment without prejudice to renewal. *Id.*

The removal statute, 28 U.S.C. § 1441, provides in pertinent part as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

The undersigned finds that, to the extent plaintiff seeks to assert a claim against GE for a portion of her husband's benefits under the GE plan, her claim was properly removed to federal court. *See* 28 U.S.C. § 1331. To the extent she seeks a modification of the QDRO, removal was improper.

Accordingly, pursuant to the authority of 28 U.S.C. § 1441, the undersigned recommends that the nonremovable claim, *i.e.,* the motion to vacate or modify the QDRO, should be remanded to the state court. Plaintiff's ERISA-based claims should be stayed

(and this matter administratively closed) pending the state court's decision on the motion to modify.

B.      *Application to Intervene*

In light of the finding that removal was proper, at least in part, the Court should proceed to address the merits of the application of Pamela Barnett to intervene.  (*See* Doc. 8.)

Federal Rule of Civil Procedure 24(a) allows an individual to intervene as of right and provides, in pertinent part, as follows:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

For an individual to intervene under this rule, the following criteria must be satisfied: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court."  *May v. National Bank of Commerce*, 230 F.R.D. 505, 506-07 (W.D. Tenn. 2005) (quoting *United States v. Tennessee*, 260 F.3d 587, 591-92 (6th Cir. 2001)).

To determine whether the application is timely, the Court may consider the

following factors: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of her interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after she knew or reasonably should have known of her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention. *See United States v. Tennessee*, 260 F.3d at 592.

Here, the application to intervene is timely. This case has not progressed beyond initial pleadings; the applicant's purpose in intervening is proper, *see infra*; and the application was filed promptly upon Pamela Barnett, the applicant, knowing of her interest in the case. Moreover, there is no showing of prejudice to the original parties if the application is granted nor any exceptional circumstances militating against the intervention. Indeed, the applicant, Pamela Barnett, has a substantial legal interest in the case, in that her benefits under Barry Barnett's pension plan would be reduced or eliminated if plaintiff were to prevail. Thus, her purpose in intervening is proper. Additionally, because Pamela Barnett's interest is not adequately represented by the original parties, she is unable to protect her interest in the absence of intervention.

In sum, it appears that the application of Pamela Barnett to intervene is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1.     This case be **REMANDED in part** to the Clermont County, Ohio Court of

Common Pleas, Domestic Relations Division, for disposition of plaintiff's

motion to modify or vacate the Qualified Domestic Relations Order;

2.     The Application of Pamela Barnett To Intervene (Doc. 8) be **GRANTED**;

and

3.     This case be **STAYED in part** and **ADMINISTRATIVELY CLOSED**

pending the outcome of the state court proceedings.


Date:   6/16/06                              s/Timothy S. Black
                                             Timothy S. Black
                                             United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERI BARNETT,                                :          Case No. 1:05-cv-679
                                              :
                    Plaintiff,                :          Watson, J.
                                              :          Black, M.J.
vs.                                           :
                                              :
BARRY BARNETT, *et al.*,                      :
                                              :
                    Defendants.               :


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written
objections to this Report and Recommendation within **TEN DAYS** after being served with
a copy thereof.  That period may be extended by the Court on timely motion by either side
for an extension of time.  All objections shall specify the portion(s) of the Report and
Recommendation objected to and shall be accompanied by a memorandum of law in
support of the objections.  A party may respond to an opponent's objections within **TEN
DAYS** after being served with a copy those objections.  Failure to make objections in
accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S.
140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).